ORDER
Donta Phelon Davis appeals from his conviction and 105-month sentence for being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). Davis contends that the district court improperly classified his prior conviction under Wisconsin law for second-degree reckless homicide, see Wis. Stat. § 940.06(1), as a crime of violence under U.S.S.G. § 4B1.2(a). See id. § 2K2.1(a)(2). The government concedes error and agrees that in light of this court’s decision in United States v. Woods, 576 F.3d 400 (7th Cir.2009), the correct disposition is to vacate and remand for resentencing.
In Woods, 576 F.3d at 412-13, we held that an offense in which the mental state is recklessness does not meet the standards for crimes of violence established by the Supreme Court in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008). Second-degree reckless homicide, in violation of Wis. Stat. § 940.06(1), is therefore not a crime of violence under § 2K2.1(a)(2). See United States v. High, 576 F.3d 429, 430-31 (7th Cir.2009). Davis did not object at sentencing to the classification of his reckless-homicide conviction, but in light of Begay and our recent post-Begay precedent, the district court’s classification of this offense was plain error. See United States v. Gear, 577 F.3d 810, 812 (7th Cir.2009); High, 576 F.3d at 431.
We therefore VACATE Davis’s sentence and REMAND for further proceedings in light of Begay and Woods.